William S. MORGAN
and
Essie Davis MORGAN ex rel. William S. MORGAN, III, Plaintiffs,
v.
ST. FRANCIS PREPARATORY SCHOOL
and
Father Edmund Carroll, Headmaster, Defendants.

Civ. A. No. 71–191.

United States District Court, M. D. Pennsylvania.

May 24, 1971.

King David, Washington, D. C., for plaintiffs.

Scott A. Williams, Williamsport, Pa., for defendants.

## OPINION

MUIR, District Judge.

The Plaintiffs filed a complaint seeking injunctive relief in the nature of reinstatement of the minor Plaintiff, William, as a student in a private preparatory school. William, a sophomore in the school, and his parents reside in the District of Columbia. The Defendants are St. Francis Preparatory School and its headmaster, both of Spring Grove, Pennsylvania.

William and eight other students out of a total enrollment of 95 were expelled from the school on May 13, 1971, following an incident involving an alleged use by the nine students of LSD on Saturday, May 8, 1971. On that night, one of the masters discovered one of the nine in a violent hallucinatory state. The boy was treated within the hour at a hospital for ingestion of LSD. An immediate investigation was precipitated and William was implicated. He admitted to a master and the headmaster that he had taken LSD on Saturday night, May 8, but thereafter repudiated his admission and substituted an admission that he had taken LSD one week earlier. At the hearing before me, he denied having taken LSD on either occasion.

During the current school term, faculty and visiting experts had repeatedly instructed the student body of the dangers of narcotics and school officials had notified the students that the use of drugs would result in expulsion. Last year, while William was a freshman at the school, five seniors were expelled for narcotics use.

William's expulsion is based on his admissions to the master and headmaster and the testimony of one of the nine expelled students that William had participated in the use of drugs.

The main thrust of Plaintiffs' original pleading is that William was deprived of

constitutional procedural due process. An amended complaint filed near the end of the two days of court hearing asserted a cause of action for damages.

Jurisdiction in this Court is invoked by Plaintiffs under 28 U.S.C. §§ 1331, 1332, 1343, 42 U.S.C. § 1983 and "the all-writs Section of the United States judicial code and other applicable statutes."

This Court has jurisdiction under 28 U.S.C. § 1343 and its substantive corollary 42 U.S.C. § 1983 to entertain an action to redress the deprivation under color of state law of any right secured by the Constitution or by an act of Congress providing for the equal rights of citizens.

The expulsion here was by a private preparatory school with no significant relationship to the Commonwealth of Pennsylvania and thus the expulsion was not under color of state law. Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969) and Grossner v. Columbia University, 287 F.Supp. 535 (S.D.N.Y. 1968). 28 U.S.C. § 1343 and 42 U.S.C. § 1983 are inapposite.

There is no federal question which would confer jurisdiction under 28 U.S.C. § 1331.

Assuming, without deciding, that this Court has jurisdiction under 28 U.S.C. § 1332 relating to diversity, Plaintiffs must satisfy two prerequisites before a preliminary injunction may issue. These are (1) that Plaintiffs will be irreparably injured pendente lite if the preliminary injunction be denied and (2) that there is a reasonable probability of eventual success in the litigation. ALK Corp. v. Columbia Pictures, 440 F.2d 761 (3d Cir., 1971).

The Plaintiffs have met the first requirement but I am not convinced that there is a reasonable probability that Plaintiffs will eventually succeed in this litigation.

Accordingly, the Court will decline to grant Plaintiffs a preliminary injunction. The Temporary Restraining Order will be vacated.

This opinion shall constitute the Court's findings of fact and conclusions of law.